UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNITED STATES OF AMERICA,

              - v -

NICHOLAS SANTORA,

                      Defendant.
-------------------------------------------------------------------x

**ORDER**

CR-06-800 (SLT)(VVP)

POHORELSKY, Magistrate Judge:

      The government has submitted a letter dated February 12, 2007 in further support of their motion for detention of the above named defendant. The defendant has submitted opposition by letter dated February 14, 2007.

      As the court denied the government's motion for detention on February 9, 2007 following the detention hearing held by the court that day, the government's February 12 letter constitutes a motion for reconsideration of that decision. Because no rule of criminal procedure addresses motions for reconsideration, courts typically adopt the standards applied to such motions in civil cases. *See United States v. Manragh*, No. 03-CR-1121 (DRH), 2006 WL 2239053, *1 (E.D.N.Y. Aug. 4, 2006) (citing *United States v. Goldenberg*, No. 04-CR-159, 2006 WL 1229152 (May 5, 2006 E.D.N.Y.). Thus, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Convolve, Inc. v. Compaq Computer Corp.*, No. 00 Civ. 5141 GBDJCF, 2007 WL 415145, at * 1 (S.D.N.Y. Feb. 7, 2007), *quoting Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). A motion for reconsideration is not to be used to make "repetitive arguments on issues that have been thoroughly considered by the court," *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000), or to "advance new facts,

issues or arguments not previously presented to the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y.2001). These limitations are designed to ensure finality and to prevent motions from reconsideration from becoming vehicles by which a losing party may then plug the gaps of a lost motion with additional matters. *Zoll v. Jordache Enterprises Inc.*, No. 01 Civ. 1339, 2003 WL 1964054, at *2 (S.D.N.Y. April 24, 2003), *quoting Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y.1988).

In light of these standards, the government's request for reconsideration must be denied. The principal thrust of the letter simply adds additional facts in support of the argument made at the detention hearing that the defendant is now the acting underboss of the Bonnano crime family. These are facts which could have been presented for the court's consideration at the hearing. To consider them now would give the government the second "bite at the apple" that the above principles are meant to prevent. Certainly, the additional facts are not compelling enough to warrant a change in the court's decision when weighed against the policy reasons for discouraging repetitive arguments.

The government's letter correctly apprehends that in some part the court's decision to set bail rested on the defendant's cardiovascular condition and recent bypass surgery. The decision is not a reflection of any deficiencies in the medical care typically offered by the Metropolitan Detention Center (MDC). From this court's observations, that institution does quite well in caring for its inmates. Rather, the decision is simply an acknowledgment that with a large population of inmates, as many as 50% of whom suffer from conditions requiring medical treatment, the MDC is not in a position to provide the type of individualized assessment and care

that a person with the defendant's acknowledged condition may require to prevent life-threatening complications.

      Finally, the government's letter seeks a stay of the defendant's release to permit an appeal. That application is granted in part. The government shall have until 2:00 p.m. on Friday, February 16, 2007 to file an appeal with Judge Townes. Any such appeal to Judge Townes must be accompanied by an application to her for a continuing stay of my decision setting bail. If such an appeal and accompanying application for a continuing stay are filed by the above deadline, the stay granted herein shall remain in effect until Judge Townes has the opportunity to consider the application for a stay.

                                            **SO ORDERED:**

                                         *Viktor V. Pohorelsky*
                                         VIKTOR V. POHORELSKY
                                         United States Magistrate Judge

Dated:   Brooklyn, New York
          February 14, 2007